Good morning, Your Honors. My name is Diane Weissberg. I represent Mr. Powell in this matter. I request two minutes for rebuttal. Okay. Please watch the clock. Thank you, Your Honor. I will. Your Honors, very simply put, what we're talking about in this case is a denial of due process. Mr. Powell was placed in a government database with no rights to affirm or object to that inclusion. He was told, very simply, because he's not a parent, relative, or guardian of the child, he has no right to due process or a hearing. But as I understand it, your client received a Notice of Child Abuse Central Index listing, right? That's correct, Your Honor. And getting that notice, he knew that was an administrative hearing and not a criminal hearing, right? That's correct, Your Honor. So the particularity of the notice is not an issue. So then the Dependency Court found that the child's privacy interests outweighed your client's claim for more detailed notice, right? Kind of. First, I did a request with the department itself. The department said no. He wasn't a parent, relative, or guardian. I said, but you never interviewed him. You never investigated him. How can you place him in a government database with no due process? But just a minute. As I understand it, from viewing the record, the Dependency Court did find that the child's interests outweighed your client's need for detailed notice. Not detailed notice. Any notice. And in fact said, if you want to do something about this, you should request a hearing. I did request a hearing, Your Honor. Within weeks of him being notified, he was in the database. The department said no for a year and a half. Then after the biological mother's case was allegedly done, which my client had no input in, all of a sudden they said, okay, we'll give you a hearing, but you can't have the records. You can't review the records. They allowed you to review them, but they didn't allow you to copy them. I didn't ask to copy them, Your Honor. I asked to be in a room alone with my client and the records, and they said no. Well, they just wanted to be in the room with you, but you could have reviewed the documents, right? But how could I have communicated with my client in front of them? I don't understand. I couldn't communicate with my client and ask him questions if they're sitting right there. I said, how about if I bring my client in, we sit down, you guys go to another room, and we'll review the records, and they said no. Well, you could have talked to him after you looked through the records. I mean, I understand that this seems very unfair, that someone could end up in a statewide database and multi-sub-base databases when, you know, we don't know if there was evidence of any abuse or any abuse by him at all. But I think you still have the grievance procedure available to you. Not for a year and a half, Your Honor. For a year and a half, he remained in the database with no due process rights. Then, after the mother's case was allegedly resolved, which he was denied access to the dependency court because he wasn't a parent, relative, or guardian, because that statutorily is the only people they have authority over. Why did they put Mr. Powell in a government database in violation of due process by not even interviewing him, by not asking him what his role was? It wasn't like they didn't have the phone number for him. Counsel, my worry is when you bring this to my court, I have to look at the process, what process you ought to be given. And in order to determine what process you ought to be given, I look at Matthew v. Eldridge, which is the United States Supreme Court case, which weighs factors about the process that you were supposed to be given. Number one, process private interest affected. This isn't a criminal hearing. It's an administrative hearing. Therefore, I don't know that that's a big deal. The risk of erroneous deprivation through procedures used and the value of additional safeguards. You were never denied a grievance hearing. You just argue you don't need to go to the hearing until you have evidence as you want it given to you. Is that correct? I didn't agree to go to the hearing initially because there was no hearing for a year and a half. There's nothing in the statute as written under WIC that says you have the right to leave somebody hang in limbo for a year and a half for your convenience or for your arguments or to prevent release of alleged allegations against you. How do you defend if you don't know what you did? That's completely absurd. And then if the court, in answering the question about what service or rights you have, this is identical to what came up in Castillo v. The County of Los Angeles in 959 Federal Supplement 2D1255. All I'm trying to do is get you to focus on the factors that I have to look at in order to determine whether you have a problem here. And that's why I'm trying to take you through there. I understand that you don't like what happened, but what we're really trying to do is, is there a private interest which was affected? Probably not. Is there risk of erroneous deprivation through procedures used and the value of additional safeguards? You weren't ever denied the grievance hearing. Your argument to me is that you don't need to go to this hearing because you don't have the evidence yet and you don't have the evidence yet because they couldn't, they wouldn't let you just go in there and do it on your own without looking over your shoulder. That seems to be to be your argument. Well, Your Honor, that's part of it. But the all county notice that is issued and is statutory by the state of California specifically says this is 2366. Attempts to interview a paper trader or the reasons why the interviews did not take place must be well documented in a case record to support whether an active investigation was completed. They never did any investigation of my client. They just took some information that they got from somewhere and dumped them in a database. Why isn't that something that you could have raised at the administrative hearing? I mean, if the process leading to the listing violated that provision of state law, could you not have raised that in an administrative hearing? I raised it. I'm sorry, Your Honor, I didn't mean to cut you off. I did raise it in letters to the department. I very clearly raised it in letters to the department. They just shined it on. You can't just place somebody in a government database and wait a year and a half to say, okay, well, now you can come in maybe for an interview, but it's our way or not at all. Even the state of California requires due process. The problem comes in that there is a listing, and we know that. There can be a hearing if you wanted to go to the hearing. We know that. But you say you're not going to the hearing because, as I understand it, you weren't allowed to look at these documents without having the people who provided there were giving your client this listing look over the back as you were looking at those documents. No, they could sit and listen to what I asked my client while I was asking them. That's a violation of my client's right to counsel. I mean, how many ways can we – I mean, if you'd have gone to the hearing, you'd have been able to give all these arguments. But wait a minute. Let's stop and look at it. First of all, it's a year and a half after the fact. Okay? I have no idea what he was accused of except for a form that they sent him in the mail. And you had a right to look at more, but weren't going to do it as long as your client was going to be there, and they were going to be there too, right? TACI inclusion is quasi-criminal no matter how you look at it. You are found liable without due process. There's nothing in the criminal code that requires you to sit around and wait a year and a half before you can face your accuser in a criminal courtroom. There's nothing in a civil court that requires that. If you would have gone to the hearing and successfully challenged the listing, that would have given you all the things that you wanted, right? If I had successfully – I tried to successfully challenge it. I asked the court for the release of records. How many steps does somebody who doesn't even know they're in a database have to go through in order to receive due process? Okay, counsel, you're over your time. Why don't we hear from the opposing counsel, and I'll give you a couple minutes for rebuttal. Thank you. Good morning, your honors. May it please the court. My name is Elise Okada, and I represent county appellees. Your honors, this case arises from a situation where Mr. Powell is challenging his placement on the Child Abuse Central Index, also known as CACI. He claims he was denied procedural due process when, in fact, he received notice and he received multiple opportunities to contest his claim. Counsel, I don't understand how this works. So they decide that he's guilty of child abuse and can put him on a database, and then he's on multiple other databases, and he's never even charged with having done anything? He's just because some investigator just went to the hospital and decided that a charge of child abuse, whether, you know, based on what? I mean, we don't even know. It was substantiated, but he's never charged, so he doesn't seem to be able to contest this. I can understand why this seems unfair and wrong. Not that, I mean, I understand he had notice and an opportunity to be heard. So in our court, that seems to be what's required. But it just doesn't seem right that a state agency can do that. And then other people look him up, and he's denied other, you know, his work, his opportunity to go places. I understand the feeling of concern, how it feels. But that's where CANRA was enacted after the Humphreys case to provide a process for which people that are listed on CACI to oppose or contest that grievance review hearing, which Mr. Powell refuses to show up to. Sure, we can say that because of the underlying child abuse case was ongoing, Mr. Powell was initially denied that grievance review hearing, so that there weren't inconsistent outcomes with the underlying abuse case and with the CACI grievance review hearing. But who was the abuse case against? It wasn't against Mr. Powell. That's correct. It was the mother of the child. Right. So, I mean, what's the evidence that he committed child abuse and belongs on the database? So from the, and this is all coming from, since we're on appeal from a motion to dismiss, we're taking the facts in light of Mr. Powell's complaint. And so from the facts, Mr. Powell was, from the complaint, obviously involved in the underlying child abuse case, which was the subject of why Mr. Powell was initially denied that grievance review hearing until that was completed. And so because the case is intertwined and the facts and the evidence intertwined, Mr. Powell wasn't able to have his grievance review hearing at that point. So as I understand it, and I'm just trying to make sure I understand the record, as I understand it, while they requested the hearing originally in June of 2023, they were denied because there was a pending child dependency hearing, correct? That is correct. And then when they again requested that in August, the same reason was given. That is correct. So then after the dependency hearing was over, then the hearing was scheduled, right? That is correct. And that's the hearing she wouldn't go to because she didn't have the evidence. And she didn't get the evidence because she had to go get it with her client there, but somebody from the state overlooking all the things she was finding. That is correct, Your Honor. How fair is that to her? Sorry, I'm... I mean, if in fact she can't even look at the stuff without having you, your client, overlook what she's looking at, how fair is that? So addressing that, the Juvenile Dependency Court already took under judicial review that very issue. And when Mr. Powell made the 827 petition for the records, they took into account that it was going to be used for a grievance review hearing and weighing the probative value of giving him the disclosure of the confidential files with the confidentiality of the children's records. They determined that due process was satisfied without having him have the records. What is the purpose of the rule that, I mean, like he's allowed to look, or his lawyer is allowed to look at them, look at the records, and he's allowed to be there so that they can both see everything that's in the record. But there just needs to be somebody, you know, listening in on what they say to each other while they're looking at it. What is the purpose that that serves? The purpose of that is because we're working with juvenile files and the confidentiality that comes with it, as in stigma that would come from release of those files. And if perhaps someone took a copy of it or made note of something in the file of the juvenile, that has long-lasting effects on the juveniles. But you're allowing him to look at them, right? So, I mean, I guess if he's allowed to see what's there, other than interference with the attorney-client relationship, what are you really achieving by having somebody in the room while he's looking at them? You know that you're not keeping them confidential from him because you know that he's looking at them. And I think that goes to the argument that if, you know, if it's not a big deal for them to look at it, then what is the big issue with them taking copies? And I think that was what Mr. Powell's issue is here is that he doesn't have access to the physical copies of the record so that he can defend himself at the grievance review hearing. It's not that... Well, if he were related to the child or the teenager, would he have been able to have copies of the evidence against him or the files against him? That is not necessarily true. Even if you are related... I'm just asking you. I mean, if he were related, does it make all the difference that he wasn't actually related? No, it doesn't make a difference. And it's the record, as the first amendment complaint reflects, he is related to the child. So he has... He wasn't allowed in the dependency hearing because he wasn't related. That was from what the complaint said. I'm not 100% sure if that was the actual reason why Mr. Powell was not allowed to be at the dependency abuse case hearing. That was between the child and his mother and not with the child and Mr. Powell. How is he related to the child? He is related through the mother. He is the mother's sister. Or mother's brother. I apologize. I was going to say, he's not the sister. If he is, that's a different deal. I thought he was the brother. He's the brother of the child's mother. My apologies. Well, what we're really weighing are the three factors that are outlined in Matthew Pierce's Eldridge. And I guess you're saying that the government's interest, which is the victim confidentiality, weighed heavily such that they couldn't have the pretrial discovery without having somebody in there to watch. Is that what you're saying? That's correct. Well, Melnick, which is our case, says that due process guarantees meaningful notice and an opportunity to be heard, but it doesn't allow for unrestricted pretrial discoveries. Is that your argument? That is correct. And the U.S. Supreme Court has multiple times said that due process only requires to apprise the interested party of their due process right and affording them the opportunity to contest those issues. So if I look at Andy, I was worried because I thought maybe one of her arguments was that there was no way to know what was going to happen, even if she succeeded in the CACI. I don't know how you say that exactly. In Idaho it's CACI, but I don't know what you call it here. But Andy says, and that's our case, when a listing is successfully challenged, then the CFS updates the CWS, the CMS, to reflect the unfounded determination, correct? That's correct. And I want to just hit a couple points why the district court's ruling should be affirmed. And without leave to amend, first it would be futile to grant leave to amend the first amendment complaint because Mr. Powell cannot allege any more facts that he was denied procedural due process. He was given notice and an opportunity to be heard. I know there's an issue with how or what the procedure for reviewing records, but those is what due process requires is a notice and opportunity to be heard. And there's no additional facts that Mr. Powell can plead in an amended complaint to be able to overcome that. Additionally, Mr. Powell still doesn't provide substantial evidence about a Monell liability against the county. And fourth, the district court was correct in granting qualified immunity to the individual defendants because there's no case that exists that would put them on notice that their conduct was a constitutional violation. Has he been cleared of this now through the dependency proceedings? That I'm not aware. I'm not. Because I'm just wondering, it seems like it turned out that he wasn't actually guilty of child abuse. Why doesn't the state just voluntarily take him off? Because we're still in this period where we offered Mr. Powell a grievance review hearing. He refuses to not avail himself to that due process procedure. And so with that, until that closes out, we, you know, right now, his listing is substantiated by the notice that he was given by the reports in the investigation done. That's what he was given notice of is that the report and investigation reflect that his listing on khaki was substantiated. Could he still at this point request a hearing or is there some sort of time limit that's run? There's no time limit according to camera, but I cannot make any representations because we are at this juncture where we're here in this court versus exhausting the administrative proceeding of the grievance review hearing. And so because Mr. Powell decided not to proceed that route and instead make his arguments here, I cannot make representations that there is the county can do a grievance review hearing at this point, since we he himself chose to go a different route than what was given to him. But I mean, is there some statute that says you have to elect? I mean, I understand the county is probably unhappy that he chose to litigate in federal court, but that doesn't seem like a basis for denying him a hearing. So what would be the what we can use or a statute of regulation that says you don't get a hearing if you've gone to court about it? So that's and I appreciate your question because the grievance, this would have been this proceeding here. This case was a fail safe in the event he did appear for that grievance review hearing. He makes the allegations he's making here that he didn't receive procedure due process rights there. And instead, but we jumped that hearing and now we're in federal court. Besides exhausting the administrative process that he was offered and given the opportunity to contest everything that he's alleging in his complaint here at that grievance review hearing. And so I can't make representations because this is a different proceeding than what we're used to. Usually we would take those steps. We would have the grievance review hearing. We would go through that. And if Mr. Powell at that point determined that his procedure due process rights were violated, then he has a fail safe. If there's no further questions, your honor. Thank you. Ms. Weisberg. Thank you, your honor. Very briefly, I want to emphasize something. The state of California has placed on CFS agencies who are not the state, but an arm of the state. Saying that a mandatory duty to conduct active investigations and the department shall not forward a report to the Department of Justice unless it has conducted an active investigation and determined that the report is substantiated for child abuse or severe neglect as to Mr. Powell. And that's California Penal Code 11169A. They took a statute, completely ignored it, and then placed the man in a database and want to leave him there for 99 years. Interfering with his jobs, his right to adopt children, his right to hold certain jobs with government clearances. All of that because they put him in a database. Now, let's clarify the record. Mr. Powell is not biologically related to the mother or the child. I heard counsel for the department say he was her brother. He is not her brother. They are not biologically related. He was, however, until this happened, a friend of the family. Does the court have any other questions for me? Thank you, counsel. Thank you very much. Thank you very much. Powell v. County and San Bernardino will be submitted. Dedicado Treatment Center v. Aetna Life Insurance Company has been previously submitted and will take up. Delgado v. ILWPMA Welfare Plan.
judges: WARDLAW, SMITH, MILLER